**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
TAMAR OSORIO, et al.,

                Plaintiffs,                         20-CV-9583 (OTW)

           -against-                           **ORDER**

FRANT HOTEL L.L.C., et al.,

                Defendants.

-------------------------------------------------------------x

**ONA T. WANG**, **United States Magistrate Judge**:

Plaintiffs Tamar Osorio ("Osorio") and Jamal McDaniel ("McDaniel") (collectively, "Plaintiffs") brought this action against Defendants Frant Hotel L.L.C. ("Frant") and Alan Lapes "Lapes") (collectively "Defendants") in accordance with the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). Plaintiffs alleged failure to pay "minimum wages, overtime wages, and spread-of-hours wages," along with failure to provide a statutory wage notice and wage statements, failing to keep contemporaneous records worked, and retaliation. (ECF 43 at 2). The parties reached a settlement and now seek Court approval of their proposed settlement agreement under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). All parties have consented to my jurisdiction to decide the motion in accordance with 28 U.S.C. § 636(c). (ECF 30). For the reasons below, the Court **APPROVES** the settlement agreement as fair and reasonable under *Cheeks*.

I.      Background[1]

Plaintiff Osorio alleges that she was employed by Defendants as a residential aide from approximately November 2018 to March 17, 2020. (ECF 1 ¶ 15). Osorio alleges that from November 2018 until February 2019, she was scheduled to work three eight-hour shifts per week, but actually worked approximately worked 40 hours per week in five eight-hour shifts. (ECF 43 at 2). During this period, Osorio alleges that she worked more than 10 hours per day at least twice per week. (ECF 43 at 2). Osorio further alleges that during this period, Defendants paid her a flat wage of $300 every two weeks. (ECF 43 at 2). Osorio alleges that from February 2019 until March 17, 2020, she functionally worked between 66 and 72 hours per week, even though she was only scheduled to work five eight-hour shifts per week. (ECF 43 at 2). During this period, Osorio alleges that she frequently worked more than 10 hours per day. Lastly, Osorio alleges that during this period, Defendants paid her a flat wage of $500 every two weeks. (ECF 43 at 2).

Plaintiff McDaniel alleges that he was employed by Defendants as a residential specialist from approximately August 2018 to July 22, 2019. (ECF 1 ¶ 19). McDaniel alleges that from August 2018 to September 2018, he was scheduled to work four eight-hour shifts per week, but actually worked approximately 36 hours per week. (ECF 43 at 2). McDaniel further alleges that during this period, Defendants paid him a flat wage of $400 every two weeks. (ECF 43 at 2). From approximately September 2018 until July 19, 2019, McDaniel alleges that he was scheduled to work six eight-hour shifts per week, but actually worked approximately 58 hours

---

[1] The following facts are as alleged in Plaintiffs' complaint (ECF 1) and the parties' Motion for Settlement Approval. (ECF 43).

per week. (ECF 43 at 2). During this period, McDaniel alleges that he worked more than 10 hours per day at least once per week, and that Defendants paid him a flat wage of $600 during this period. (ECF 43 at 2).

Defendants dispute Plaintiffs' allegations. (*See generally*, ECF 43 at 2). Plaintiffs commenced this lawsuit on November 13, 2020. (ECF 1). On September 15, 2022, I held a settlement conference with both parties, during which they agreed to a settlement in principle. (ECF 33). On September 22, 2020, the parties consented to my jurisdiction, and now seek judicial approval for a settlement of all claims. (ECF Nos. 36, 43).

II. Discussion

Fed. R. Civ. P. 41(a)(1)(A) permits the voluntary dismissal of an action brought in federal court, but subjects that grant of permission to the limitations imposed by "any applicable federal statute." The Second Circuit has held that "in light of the unique policy considerations underlying the FLSA," this statute falls within that exception, and that "stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the [Department of Labor] to take effect." *Cheeks*, 796 F.3d at 206. This Court will approve such a settlement if it finds it to be fair and reasonable, employing the five non-exhaustive factors enumerated in *Wolinsky v. Scholastic Inc.*:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotations omitted).

a. **Range of Recovery**

The proposed settlement amount is $56,000, with $19,372.66 set aside for attorneys' fees and costs. (ECF 43 at 3). Of the total settlement amount, Plaintiff Osorio would receive $18,313.67. Plaintiff McDaniel would also receive $18,313.67. Although Plaintiffs receive less than half the base damages to which they maintain they are entitled to based on the parties' papers submitted to the Court in connection with the September 15 settlement conference, courts in this district have approved settlement amounts within the range of this particular settlement agreement. *See, e.g., Zorn-Hill v. A2B Taxi LLC*, No. 19-CV-1058 (KMK), 2020 WL 5578357, at *4 (S.D.N.Y. Sept. 17, 2020) (approving a settlement amount equal to 12.5% of the plaintiff's best-case scenario recovery); *Gervacio v. ARJ Laundry Services Inc.*, No. 17-CV-9632 (AJN), 2019 WL 330631, at *1 (S.D.N.Y. Jan. 25, 2019) (approving 20% of maximum recovery where defendants had contrary documentation); *Santos v. YMY Mgmt. Corp.*, No. 20-CV-1992 (JPC), 2021 WL 431451, at *1 (S.D.N.Y. Feb. 8, 2021) (approving settlement agreement equal to 18% of Plaintiff's total alleged damages). Plaintiff's counsel would then take $18,666.66 in fees, and the remaining $706 would be allocated to costs. (ECF 43 at 3). Given the risks of litigation as noted below, the Court finds this amount reasonable.

b. **Burden and Risks of Litigation**

Settlement enables the parties to avoid the burden and expense of preparing for trial. The parties' filings demonstrate that there are significant disputes present in this case that present them with risks were they to proceed with litigation. (ECF 43 at 2-3). While Plaintiffs allege significant failures to pay wages and overtime, Defendants dispute the dates and hours that Plaintiffs allege they worked, and additionally dispute Plaintiffs' status as Defendants'

4

former employees. (ECF 43 at 2). Both parties acknowledge the risks involved in engaging in protracted and costly litigation. (ECF 43 at 3).

### c. Arm's Length Negotiation

The parties represent that the settlement was a product of extensive and hard-fought bargaining between experienced counsel and there is no evidence to the contrary. (ECF 43 at 3).

### d. Risk of Fraud or Collusion

There is nothing in the record to suggest that fraud or collusion played a role in the settlement.

### e. Additional Factors

The release is appropriately limited to claims based on Plaintiffs' employment up to the date the agreement was executed and does not seek to exceed the scope of wage-and-hour issues. *See Caprile v. Harabel Inc.*, 14-CV-6386, 2015 WL 5581568, at *2 (S.D.N.Y. Sept. 16, 2015) (finding limitation to employment-related claims sufficiently narrow).

This agreement also lacks certain objectionable provisions that courts have found fatal in other proposed FLSA settlements. The proposed settlement agreement contains no confidentiality provision and has already been filed in the public record. *See Thallapaka v. Sheridan Hotel Associates LLC*, No. 15-CV-1321, 2015 WL 5148867, at *1 (S.D.N.Y. Aug. 17, 2015) (finding "overwhelming majority" of courts reject confidentiality provisions in FLSA settlements). While the agreement does contain a non-disparagement provision, the provision is mutual and includes a carve-out for truthful statements. *Ramos Pelico v. PGNV, LLC*, No. 18-CV-09761 (PAC), 2019 WL 2710176, at *3 (S.D.N.Y. June 28, 2019) (concluding that non-

disparagement clause in FLSA settlement agreement that was mutual and included an explicit carve-out for truthful statements was not objectionable).

The Court finds that, given the particular facts and potential damages in this case, the attorneys' fees award of $18,666.66 is reasonable, and represents approximately 33%[2] of the total award. Although there is not a proportionality requirement, FSLA settlements generally amount to a third of the settlement award. *See Fisher v. SD Protection, Inc.*, 948 F.3d 593, 603 (2d Cir. 2020) (holding that the FLSA "simply provides for a reasonable attorneys' fee to be paid by the defendant"); *Singh v. MDB Construction Mgmt., Inc.*, No. 16-CV-5216 (HBP), 2018 WL 2332071, at *2 (S.D.N.Y. May 23, 2018) (noting that one-third of settlement is "normal rate"); *Rodriguez-Hernandez v. K Bread & Co.*, 15-CV-6848, 2017 WL 2266874, at *5 (S.D.N.Y. May 23, 2017) ("In this Circuit, courts typically approve attorneys' fees that range between 30 and 33 1/3%").

The fees award is less than Plaintiffs' counsel's stated lodestar, which is supported by billing records attached to the proposed settlement. (ECF 43-3). Plaintiffs' counsel has also attached supporting documentation for filing and service costs in the amount of $706. (ECF 43-2). Given these facts, the Court finds the requested award of attorneys' fees and costs to be reasonable.

## III. Conclusion

For the foregoing reasons, the Court approves the parties' proposed settlement agreement of $56,000 as fair and reasonable. Plaintiff Osorio will receive **$18,313.67**. Plaintiff McDaniel will receive **$18,313.67**. Plaintiff's counsel will receive **$19,372.66** of the settlement

---

[2] (18,666.66 / 56,000 = .333)

amount, with **$18,666.66** allocated to attorneys' fees and **$706** to costs. It is hereby **ORDERED** that this action is dismissed with prejudice. The Clerk of Court is respectfully directed to terminate all open motions and close the case.

    **SO ORDERED.**

Dated: April 12, 2023  
    New York, New York

    *s/ Ona T. Wang*  
    **Ona T. Wang**  
    United States Magistrate Judge